UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY TOWNSEND,             )
                              )
            Petitioner,       )
                              )    CAUSE NO. 3:17-CV-326-RLM-MGG
       vs.                    )
                              )
SUPERINTENDENT,               )
                              )
            Respondent.       )

OPINION AND ORDER

Gregory Townsend, a prisoner without a lawyer, filed a petition under 28 U.S.C. § 2254 challenging his prison disciplinary hearing in WCC 17-02-85 in which a Disciplinary Hearing Officer found him guilty of assault/battery in violation of Indiana Department of Correction policy B-212.[1] He was sanctioned with the loss of 30 days earned credit time.

In Ground One, Mr. Townsend argues that he was "unjustly placed in segregation" prior to his disciplinary hearing. He also claims that his placement in segregation violated Department of Correction policy. The Department of Correction's failure to follow its own policy doesn't rise to the level of a constitutional violation. Estelle v. McGuire, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); Keller v. Donahue, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal

---

[1] In this case, Townsend was issued two conduct reports related to the same incident, under the same case number, charging the same offense. Thought it is unclear why he was issued two Conduct Reports, it appears that both Conduct Reports were adjudicated during the course of one hearing. Moreover, Townsend received one sanction for the offense identified in both reports.

policies had "no bearing on his right to due process"). Mr. Townsend's habeas petition is limited to challenging the fact or duration of his confinement. "Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody.'" Sylvester v. Hanks, 140 F.3d 713, 714 (7th Cir. 1998). See also Sandin v. Conner, 515 U.S. 472, 487 (1995) (distinguishing between a prison disciplinary sanction that inevitably affects the duration of an inmate's sentence, and disciplinary sanctions — such as placement in disciplinary segregation — that do not affect the duration of his sentence). Because Mr. Townsend's disciplinary segregation didn't affect the fact or duration of his confinement, he can't challenge the imposition of segregation in this petition. Ground One doesn't identify a basis for granting habeas corpus relief.

In Ground Two, Mr. Townsend challenges the sufficiency of the evidence used to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d F.3d 787, 786 (7th Cir. 1999).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard,

> requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Mr. Townsend was issued two conduct reports charging him with assault and battery. Mr. Townsend was initially charged with assault and battery in violation of B-212 on January 12, 2017. The conduct report charged him as follows, "On 12 Jan 17 at 11:00 AM at GSC custody officer Offender Townsend, Gregory #149719 stated that he assaulted the offender that was found on 7 Dorm on 11 Jan 17 with marks on him to me and Mr. Watts." Mr. Townsend was sent to segregation to await a hearing on this charge. On February 10, 2017, Mr. Townsend was again charged with violating B-212. The second conduct report stated. "On 02-10-2017 while monitoring offender phones, offender Gregory Townsend 149719 was talking to Willie Sanders talking about why he was in segregation. Offender Townsend says, 'I done whooped a honkey, I done whooped an Aryan.'"

Both conduct reports share the case number WCC 17-02-85.

Mr. Townsend was found guilty of violating IDOC B-212. That offense is defined as "[c]ommitting a battery/assault upon another person without a weapon or inflicting bodily injury." Adult Disciplinary Process, Appendix I.

[http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf).

The hearing officer had enough evidence to find Mr. Townsend guilty. A conduct report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. The conduct reports contain first-hand evidence of Mr. Townsend's own statements, in which he admitted to assaulting another prisoner. These admissions sufficiently support the hearing officer's finding of guilt. The hearing officer's finding need only be supported by "some evidence" and even "meager" evidence will suffice. These admissions from Mr. Townsend meet this low threshold. See Webb v. Anderson, 224 F.3d at 652.

Mr. Townsend also argues that he shouldn't have been found guilty based on hearsay evidence. Evidence rules don't apply to prison disciplinary hearings. See Walker v. O'Brien, 216 F.3d 626, 637 (7th Cir. 2000); Jackson v. Carlson, 707 F.2d 943, 948 (7th Cir. 1983) (upholding disciplinary finding of guilt where "the Institution Discipline Committee had direct evidence from a staff source, albeit presented in the form of hearsay"). The hearing officer was allowed to consider hearsay evidence against Mr. Townsend. Ground Two doesn't identify a basis for granting habeas corpus relief.

In Ground Three, Mr. Townsend argues that his discipline violates double jeopardy principles. According to Mr. Townsend, the hearing officer only issued

the second conduct report after the hearing officer lost the first report. He says that because he had already been charged once for the offense, the hearing officer was prohibited from issuing the second conduct report in February 2017, based on the same incident. The Double Jeopardy Clause doesn't apply in prison disciplinary cases. See Meeks v. McBride, 81 F.3d 717, 722 (7th Cir. 1996). Both conduct reports were part of one disciplinary case, and were adjudicated during his disciplinary hearing on February 21, 2017. Ground Three doesn't serve as a basis for granting habeas corpus relief.

Mr. Townsend doesn't not need a certificate of appealability to appeal this decision, because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court DENIES the habeas corpus petition (ECF 1) is DENIED. The clerk is DIRECTED to enter judgment and close this case. Mr. Townsend is DENIED leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: November 2, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court